IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRAIG W. SHAW,

Plaintiff,

v.

R.U. ONE CORP., dba RESTAURANTS UNLIMITED, a foreign corporation,

Defendant.

Civ. No. 10-554-AA
OPINION AND ORDER

---

Glenn Solomon
Attorney At Law
1001 SW 5th Ave., Suite 1414
Portland, Oregon 97204
Attorney for plaintiff

Heidi Guettler
Joanna R. Brody
Jackson Lewis LLP
1001 SW 5th Ave., Suite 1205
Portland, Oregon 97204
Attorneys for defendant

AIKEN, Chief Judge:

Defendant Restaurants Unlimited, Inc. moves for summary judgment on plaintiff Craig Shaw's common law claim for wrongful discharge. See Fed. R. Civ. P. 56. For the reasons set forth below, defendant's motion is granted and this case is dismissed.

**BACKGROUND**

Defendant is an Minnesota corporation that owns and operates a number of restaurants, including the Portland City Grill ("PCG"). Plaintiff was originally employed by defendant intermittently between 1994 and 2005. In February or March 2009, plaintiff was re-hired by defendant to work as the Executive Chef at PCG. The parties did not enter into an employment contract at the time that plaintiff was re-hired.

Defendant reorganized shortly after plaintiff began working at PCG. In June 2009, as part of the reorganization, Louie Bargach ("Bargach") was hired as Vice President of Specialty Brands and oversaw several of defendant's restaurants, including PCG. In July 2009, Bargach reported to corporate that plaintiff was not a good "fit" at PCG and that he needed to be replaced. By August 2009, the decision had been made to discharge plaintiff as soon as defendant located a suitable replacement.

Plaintiff was notified that he was not meeting performance standards in November 2009, when he received an adverse performance review. The review indicated that plaintiff was failing to meet PCG's standards for food quality, food presentation, and leadership. In December 2009, plaintiff

received a second adverse employment review, reflecting that plaintiff neglected to rectify the deficiencies listed in the prior written warning and had further failed to order seasonal products in a timely manner.

Subsequently, defendant replaced plaintiff with Brian Poor ("Poor"). In January 2010, defendant informed Poor that he was to begin working as Executive Chef at PCG the following month. Poor is nearly two years older than plaintiff.

On February 8, 2010, plaintiff filed a complaint with the Oregon Bureau of Labor and Industry ("BOLI") alleging age discrimination against defendant. Defendant received a copy of the BOLI complaint on the day that it was filed. After reviewing the complaint, defendant concluded that it lacked factual support and proceeded with its plan to hire Poor. On February 17, 2010, plaintiff was fired.

On March 26, 2010, BOLI dismissed plaintiff's claim for lack of sufficient evidence. On April 14, 2010, plaintiff filed a complaint against defendant, in Multnomah County Circuit Court, alleging that he was wrongfully discharged for filing an administrative complaint with BOLI. Defendant removed plaintiff's action to this Court on May 14, 2010, on the basis of diversity jurisdiction.

**STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determined the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

**DISCUSSION**

Defendant moves for summary judgment on plaintiff's single claim for wrongful discharge under two theories. First, defendant asserts that plaintiff's common law claim is preempted by Or. Rev. Stat. § 659A.030. Second, defendant contends that

even if plaintiff's claim is not preempted, it nevertheless fails as a matter of law because plaintiff failed to introduce any evidence that he was fired for engaging in a protected activity.

Conversely, plaintiff argues that summary judgment is inappropriate because there is a reasonable inference of causation, based on temporal proximity, that the protected activity was a motivating factor in plaintiff's discharge.

I. Preemption by an Adequate Statutory Remedy

Defendant contends that Or. Rev. Stat. § 659A.030 is an exclusive statutory remedy that bars plaintiff's common law claim. Plaintiff disagrees, stating that defendant's argument that the "wrongful discharge claim is preempted by an adequate statutory remedy is really that [plaintiff] has failed to state a viable claim." See Plf.'s Resp. to Mot. Summ. J. 5. As such, plaintiff misconstrues defendant's substantive argument regarding statutory preemption pursuant to a motion for summary judgment. I find, however, that defendant's preemption argument has merit and must be addressed.

Absent a contractual, statutory, or constitutional requirement, the general rule is that an employer may discharge an employee at any time and for any reason. Babick v. Or. Arena Corp., 333 Or. 401, 407 & n. 2, 40 P.3d 1059 (2002)(citing Patton v. J.C. Penney Co., 301 Or. 117, 120, 719 P.2d 854 (1986)). The tort of wrongful discharge provides a narrow exception, based on public policy, to the general rule and provides a remedy when an employee is discharged for fulfilling an important societal

obligation or for exercising an employment-related right of public importance. Id.; see also Estes v. Lewis & Clark College, 152 Or. App. 372, 381, 954 P.2d 792 (1998). To state a prima facie claim for wrongful discharge, "the employee must establish a 'causal connection' between a protected activity and the discharge." Estes, 152 Or. App. at 381 (citing Shockey v. City of Portland, 313 Or. 414, 422, 837 P.2d 505 (1992), cert. den., 507 U.S. 1017 (1993)).

A plaintiff may not, however, bring a claim for the common law tort of wrongful discharge if the plaintiff has an adequate statutory remedy. Walsh v. Consol. Freightways, Inc., 278 Or. 347, 352-53, 563 P.2d 1205 (1978) (wrongful discharge claim barred where adequate federal statutory remedy existed); see also Bonaduce v. Goodyear Tire & Rubber Co., 1998 WL 115585, *1 (9th Cir. 1998) ("Walsh . . . precludes a common law wrongful discharge claim [where there is an adequate statutory remedy]"). A statutory remedy is adequate "[w]here the legislature has adopted 'virtually all remedies that would have been available at common law.'" Underhill v. Willamina Lumber Co., 1999 WL 421596, *4 (D.Or. May 20, 1999)(quoting Farrimond v. Louisiana-Pacific Corp., 103 Or. App. 563, 567, 798 P.2d 697 (1990)).

Here, defendant contends that plaintiff's common law claim is barred by Or. Rev. Stat. § 659A.030. Section 659A.030 makes it unlawful for an employer to terminate an employee who "opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this

chapter or has attempted to do so." Or. Rev. Stat. § 659A.030(1)(f). For actions alleging violations of Section 659A.030, a court "may award equitable relief, compensatory damages, and punitive damages . . . [which] are the same remedies available for the tort of wrongful discharge." Ryan v. HSC Real Estate, 2010 WL 3222443, *3 (D.Or. Aug. 11, 2010); see also Or. Rev. Stat. §§ 659A.885(1), (3)(a) (outlining remedies available under Or. Rev. Stat. §§ 659A.030).

Because the relief provided by statute and common law are identical, defendant asserts that the remedies provided under Or. Rev. Stat. §§ 659A.885 are adequate to protect plaintiff's employment related rights. Further, at least one court within this District has held that Or. Rev. Stat. §§ 659A.030 preempts a common law wrongful discharge claim. See Ventura v. Johnson Controls, Inc., 2010 WL 3767882, *11 (D.Or. Sept. 16, 2010) (employer entitled to summary judgment on plaintiff's wrongful discharge claim because Or. Rev. Stat. § 659A.030 provided a sufficient remedy for the alleged violation of plaintiff's employment related rights). As such, defendant contends that plaintiff's common law claim is similarly precluded.

While plaintiff has not cited to any contrary authority, this Court is aware of several recently published cases within this District that have permitted a plaintiff to pursue a common law wrongful discharge claim even where the plaintiff has an adequate statutory remedy. See Pascoe v. Mentor Graphics Corp., 199 F.Supp.2d 1034, 1052 (D.Or. 2001) (allowing plaintiff to make

a wrongful discharge claim and a claim under Or. Rev. Stat. § 659A.030); Scotts v. Sears, Roebuck & Co., 395 F.Supp.2d 961, 981 (D.Or. 2005) (allowing plaintiff to make a wrongful discharge claim and a claim under Or. Rev. Stat. § 659A.040).

Moreover, the Oregon Supreme Court has at times suggested that a court, in considering whether a statutory remedy preempts a wrongful discharge claim, must delve into the legislative history to determine whether the statute was intended to operate as the exclusive remedy. See Brown v. Transcon Lines, 284 Or. 597, 611-12, 588 P.2d 1087 (1978). However, because Oregon courts have not spoken with one voice regarding the circumstances under which such an inquiry is necessary, the question of whether an employee can bring a wrongful termination claim is "a gnarly one." Farrington v. Pepsi-cola Bottling Co. of Bend, 2004 WL 817356, *2 (D.Or. Feb. 24, 2004); see also Draper v. Astoria School Dist. No. 1C, 995 F.Supp. 1122, 1127-30 (D.Or. 1998) (discussing the "conflicting statements" by Oregon courts regarding availability of the wrongful discharge tort, resulting in "considerable confusion").

Nevertheless, Walsh is still good law. See Dooijes v. K & B Transp., Inc., 2005 WL 1838962, *1-2 (D.Or. Aug. 2, 2005) (noting the discrepancies in the case law but concluding that the court "need not brave that thicket . . . because the Oregon Supreme Court's decision in Walsh clearly controls"). Further, I find that, in enacting Or. Rev. Stat. § 659A.030, the legislature adopted all of the remedies that are available at common law,

and, as such, the remedies provided therein are adequate. See Ventura, 2010 WL 3767882 at *11 (Or. Rev. Stat. § 659A.030 provides an adequate statutory remedy); Ryan v. HSC Real Estate, 2010 WL 3222443 at *3 (remedies available under Or. Rev. Stat. § 659A.030 are identical to those available under common law wrongful discharge claim); Underhill, 1999 WL 421596 at *4 (adequate statutory remedy exists where relief provided by statute and common law are equivalent). Accordingly, plaintiff's common law wrongful discharge claim is preempted.

II. Merits of the Wrongful Discharge Claim

Regardless, even if plaintiff's claim was not preempted by statute, it would still fail as a matter of law.

As discussed above, to state a prima facie case for wrongful discharge, a plaintiff must show causation between the protected activity and the decision to terminate his employment. Estes, 152 Or. App. at 381 ("the employee's protected activity must have been a substantial factor in the motivation to discharge the employee"). Causation exists where "the employer's wrongful purpose [was] 'a factor that made a difference' in the discharge decision." Id. (citing Nelson v. Emerald People's Utility Dist., 116 Or. App. 366, 373, 840 P.2d 1384 (1992), aff'd in part, rev'd in part, 318 Or. 99, 862 P.2d 1293 (1993)).

Defendant contends that summary judgment is proper because the reason for plaintiff's termination was not filing an administrative complaint with BOLI, but rather plaintiff's "failure to meet [defendant's] level of expectations for an

Executive Chef at PCG." Def.'s Memo. in Support of Mot. Summ. J. 6. As such, defendant asserts that plaintiff cannot establish a prima facie case because there is no evidence of causation. Conversely, plaintiff contends that causation can be inferred from the temporal proximity between the termination and the filing of the BOLI complaint, rendering summary judgment inappropriate.

Plaintiff relies on a single Oregon case to support his contention that mere temporal proximity is enough to establish causation in a claim for common law wrongful discharge. See Hirsovescu v. Shangri-La Corp., 113 Or. App. 145, 831 P.2d 73 (1993). In both the case at bar and Hirsovescu, an employee was fired approximately one week after making an administrative complaint. Id. at 149. In Hirsovescu, however, there was evidence that the plaintiff was an excellent employee who had satisfactorily performed his duties. Id. There was also evidence that another employee who had engaged in a similarly protected activity was terminated a few days before plaintiff and the announced reasons for that firing were false. Id. Further, there was evidence that the legitimate reasons proffered by the employer for plaintiff's termination were false or exaggerated. Id. The Hirsovescu court denied summary judgment, explaining that "[w]hen the motive for a discharge is in dispute, and the evidence is subject to more than one interpretation, the resolution of the issue is properly left to the trier of fact." Id. Plaintiff here asserts that because temporal proximity was

sufficient to render summary judgment inappropriate in Hirsovescu, defendant's motion should be similarly denied.

Contrary to plaintiff's assertions, however, I find that the totality of the evidence, and not temporal proximity alone, created the inference of causation in Hirsovescu. There, the court looked into plaintiff's performance, the circumstances surrounding his termination, the reasons proffered by both sides for that termination, and temporal proximity. Id.

Here, the only evidence of causation proffered by plaintiff, aside from temporal proximity, are conclusory statements that defendant's motivation for the discharge related to plaintiff's age and his BOLI complaint. See Plf.'s Resp. to Def.'s Mot. Summ. J. All other evidence of record relating to plaintiff's termination rendered plaintiff's conclusory statements factually implausible. For example, the evidence regarding job performance shows that plaintiff was not a good "fit" at PCG and failed to satisfactorily perform his professional duties. See Bargach Decl. ¶¶ 6-10. There is also evidence that the decision to fire plaintiff was based solely on his poor job performance. Id., see also Gemperle Decl. ¶ 3. Finally and significantly, the evidence shows that defendant had already hired another employee to replace plaintiff as Executive Chef prior to plaintiff's filing a BOLI complaint. See Poor Decl. ¶ 3; see also Gemperle Decl. ¶ 3.

Therefore, even though plaintiff disputes the motive for his discharge, he has failed to introduce any evidence of causation or that the legitimate reasons proffered by defendant for his

termination were false or exaggerated. Rather, the uncontradicted record establishes simply that defendant was dissatisfied with plaintiff's job performance and took affirmative action to replace him prior to his involvement in a protected activity. As such, plaintiff is unable to establish a prima facie case. See Yartzoff v. Thomas[1], 809 F.2d 1371, 1375 (9th Cir. 1987) (citing to Miller v. Fairchild Indus., Inc., 797 F.2d 727,731 & n. 1 (9th Cir. 1986) (employer's decision on a course of action made prior to learning of the employee's protected activity does not give rise to an inference of causation)).

Thus, because I find that the evidence is not subject to more than one interpretation, defendant is entitled to summary judgment as a matter of law. See Hirsovescu, 113 Or. App. at 149; see also Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), cert. den., 484 U.S. 1006 (1988) (summary judgment is appropriate where the non-moving party's claims are factually implausible and that party fails to come forward with more persuasive evidence). Accordingly, defendant's motion for summary judgment is granted and plaintiff's claim is dismissed.

---

[1]It should be noted that Yartoff and Miller analyze retaliation claims pursuant to Title VII, and therefore, are not directly on point. However, because the claims brought in those cases vindicate employment rights similar to those alleged here, I find their reasoning regarding causation to be persuasive, especially since the parties have not cited to, and this Court is not aware of, any wrongful discharge cases that address causation where the decision to terminate occurred prior to the protected activity.

III. Statutory Retaliation Claim Under Or. Rev. Stat. § 659A.030

Finally, plaintiff argues that he should be permitted to amend his complaint to add a statutory retaliation claim via his response to defendant's motion for summary judgment.

Plaintiff relies on Cook v. Brewer in support of his request. See Plf.'s Resp. to Def.'s Mot. Summ. J. 5. Cook, however, fails to provide plaintiff with authority. See Cook v. Brewer et al., 637 F.3d 1002 (9th Cir. 2011). Rather, in addressing a motion to dismiss, Cook held that a complaint must allege sufficient facts, which, if accepted as true, state a plausible claim for relief. Id. at 1006. As such, Cook has no relevance to the present case, as this is a motion for summary judgment rather than a motion to dismiss.

Moreover, even though Fed. R. Civ. P. 15 prescribes a liberal policy for amending pleadings before trial, it is not without restrictions. Since defendant's motion for summary judgment is pending, plaintiff can "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, plaintiff neglected to seek defendant's consent or this Court's leave to amend his complaint in order to allege a retaliation claim under Section 659A.030.

Defendant asserts that without such consent, permitting plaintiff to plead an additional claim would cause prejudice and, as such, constitute an improper means of averting summary judgment. Defendant relies on a Seventh Circuit Court of Appeals case to support this contention. There, the court affirmed the

refusal to allow plaintiffs to amend their complaint, after defendant moved for summary judgment, on the grounds that it would be unfair [prejudicial] to defendant. See Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 944 (7th Cir. 1995). Unlike the Seventh Circuit, however, courts within this district have permitted a plaintiff to plead an additional claim, through a response to a summary judgment motion, where the "new legal theory is based on the exact factual transactions that serve as the basis for all of [plaintiff's] other claims." Lucke v. Multnomah County, 2008 WL 4372882, *41 (D.Or. Sept. 22, 2008), aff'd in part, 365 Fed.Appx. 793 (9th Cir.). Because plaintiff's statutory retaliation claim is based on facts identical to his wrongful discharge claim, defendant's assertions of prejudice are not compelling.

Regardless, even if plaintiff were permitted to amend and add a statutory claim in his response, such a claim would still fail as a matter of law. To establish a prima facie case under Or. Rev. Stat. § 659A.030, a party must demonstrate that "he was engaged in a protected activity, his employer subjected him to an adverse employment action, and there is a causal link between the protected activity and the employer's action." Pascoe, 199 F.Supp.2d at 1052 (citing Harris v. Pameco Corp., 170 Or. App. 164, 178-9, 12 P.3d 524 (2000)). Thus, under Section 659A.030, just as in an action for wrongful discharge, a party must prove causation. Compare id. (causal connection between the employment related right and the adverse employment action is required to

state a prima facie claim under Or. Rev. Stat. § 659A.030), with Shockey, 313 Or. at 422-3 (causal connection between the employment related right and the adverse employment action is required to state a prima facie claim for common law wrongful discharge).

Therefore, for the same reasons as discussed in Section II, above, plaintiff cannot make out a prima facie case[2]. There is no evidence in the record from which a fact-finder could infer that defendant's decision to terminate plaintiff was based on his participation in a protected activity. Rather, the uncontroverted evidence reflects only that plaintiff was fired for his inadequate performance as Executive Chef, and, more importantly, that the termination decision was made prior to plaintiff's filing of the BOLI complaint.

Accordingly, even if plaintiff properly plead a retaliation claim under Or. Rev. Stat. § 659A.030, such a claim could not withstand summary judgment.[3] Therefore, it would be futile to

---

[2] Here, Title VII cases are demonstrative, as Oregon's employment discrimination statutes are generally construed consistently with federal law. See Hess v. Multnomah County, 216 F.Supp.2d 1140, 1152 (D.Or. 2001) (in discussing Or. Rev. Stat. § 659A.030, the court stated "[b]ecause ORS Chapter 659[A] 'was modeled after Title VII . . . federal cases interpreting Title VII are instructive,'" quoting Harris, 170 Or. App. at 532). Thus, Yartoff governs. See Yartoff, 809 F.2d at 1375-6 (affirming summary judgment on an analogous Title VII retaliation claim where adverse employment action was taken prior to the protected activity).

[3] The analysis, however, for a statutory retaliation claim differs somewhat from a claim for wrongful discharge. See Dawson v. Entek Intern., 630 F.3d 928, 934 (9th Cir. 2011) (discussing and applying the burden-shifting framework from McDonnell Douglas

permit plaintiff to add a claim under Section 659A.030 at this stage in the proceedings. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (a court does not have to grant leave to amend if amendment would prove futile).

**CONCLUSION**

Defendant's motion for summary judgment (doc. 26) is GRANTED and this case is DISMISSED. All pending motions are denied as moot. Finally, defendant's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 30th day of September 2011.

Ann Aiken
United States District Judge

---

Corp. v. Green, 411 U.S. 792 (1973), to a retaliation claim under Or. Rev. Stat. § 659A.030). Regardless, this is a distinction without a difference, as here plaintiff would be unable to survive summary judgment even under this standard. See Block v. Solis, 2011 WL 2193380, *2 (9th Cir. June 7, 2011) (affirming summary judgment on an analogous Title VII retaliation claim, under the McDonnell Douglas framework, where close temporal proximity was the only evidence of causation); see also Yartoff, 809 F.2d at 1375-6.