IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRAIG W. SHAW,                                    O R D E R
                                          Civ. No. 10-554-AA
            Plaintiff,

      v.

R.U. ONE CORP., dba
RESTAURANTS UNLIMITED,
a foreign corporation,

            Defendant.
_____

Glenn Solomon
Attorney At Law
1001 SW 5th Ave., Suite 1414
Portland, Oregon 97204
      Attorney for plaintiff

Heidi Guettler
Joanna R. Brody
Jackson Lewis LLP
1001 SW 5th Ave., Suite 1205
Portland, Oregon 97204
      Attorneys for defendant

Page 1 - ORDER

AIKEN, Chief Judge:

On April 14, 2010, plaintiff Craig Shaw filed this action against defendant Restaurants Unlimited, Inc., in Multnomah County Circuit Court, alleging that he was wrongfully discharged for filing an administrative complaint with the Oregon Bureau of Labor and Industries ("BOLI"). On May 14, 2010, defendant removed plaintiff's action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On September 30, 2011, this Court granted defendant's motion for summary judgment. Judgement was entered, dismissing plaintiff's action, on October 3, 2011.

Defendant now moves for an award of attorney fees and costs pursuant to Fed. R. Civ. P. 54 and LR 54. Specifically, defendant contends that, because plaintiff asserted a claim without an objectively reasonable basis, it is "entitled to attorneys' fees as the prevailing party under ORS § 20.105." Def.'s Mot. Att'y Fees 2. As such, defendant requests fees in the amount of $57,855 and costs in the amount of $1872. In accordance with the federal and local rules, defendant submitted a detailed affidavit authenticating the amount of fees and costs requested.

Plaintiff opposes an award of fees and costs, contending that his "claim had a reasonable basis in fact and law" because there was "temporal proximity" between plaintiff's BOLI complaint and the termination. Pl.'s Resp. to Mot. Att'y Fees 1, 3. In addition, plaintiff argues that such an award "would have a chilling effect on attempts by unfairly terminated employees to vindicate public

Page 2 - ORDER

policy as well as their civil rights." <u>Id.</u> at 5.

I.   <u>Reasonable Attorney Fees</u>

     In addition to costs, the prevailing party can also seek
attorney fees pursuant to Rule 54.   <u>See</u> Fed. R. Civ. P. 54(d)(2).
Under Oregon law, a court must award attorney fees to the
prevailing party if the non-prevailing party asserted a claim for
which there was no objectively reasonable basis.   <u>See</u> Or. Rev.
Stat. § 20.105(1); <u>see also</u> <u>Williams v. Salem Women's Clinic</u>, 2011
WL 3925526, at *3 (Or.App. Sept. 8, 2011) (citing <u>Benaman v.
Andrews</u>, 213 Or.App. 467, 478, 162 P.3d 280 (2007) and <u>Secor Invs.,
LLC v. Anderegg</u>, 188 Or.App. 154, 174, 71 P.3d 538, <u>rev. denied</u>,
336 Or. 146, 82 P.3d 162 (2003) (discretionary factors outlined in
Or. Rev. Stat. § 20.075 are irrelevant for determining whether the
award of fees is required under Or. Rev. Stat. § 20.105).

     A claim is not objectively reasonable if it was "entirely
devoid of legal or factual support" at the time it was made or in
light of additional evidence as the litigation proceeds.   <u>Dimeo v.
Gesik</u>, 195 Or.App. 362, 370-71, 98 P.3d 397 (2004), <u>adh'd to as
modified on recons.</u>, 197 Or.App. 560, 106 P.3d 697 (2005) (citing
<u>McCarthy v. Or. Freeze Dry, Inc.</u>, 334 Or. 77, 84, 46 P.3d 721
(2002)).   In other words, a "position is objectively unreasonable
'if it is not supported by the law as applied to the facts.'" <u>Lenn
v. Bottem</u>, 221 Or.App. 241, 248, 190 P.3d 399 (2008) (quoting
<u>Mattiza v. Foster</u>, 311 Or. 1, 8, 803 P.2d 723 (1990)).   "Whether a
party has an objectively reasonable basis for asserting a claim is
a function of the substantive law governing the claim."   <u>Dimeo</u>, 195

Page 3 - ORDER

Or.App. at 371.

Accordingly, this Court must revisit the substantive law regarding the tort of wrongful discharge. To state a prima facie claim for wrongful discharge, "the employee must establish a 'causal connection' between a protected activity and the discharge." Estes v. Lewis & Clark Coll., 152 Or.App. 372, 381, 954 P.2d 792 (1998) (citing Shockey v. City of Portland, 313 Or. 414, 422, 837 P.2d 505 (1992), cert. denied, 507 U.S. 1017 (1993)). A plaintiff may not, however, bring a common law wrongful discharge claim where an adequate statutory remedy exists. Walsh v. Consol. Freightways, Inc., 278 Or. 347, 352-53, 563 P.2d 1205 (1978).

Because the relief provided by Or. Rev. Stat. § 659A.030 and common law are identical, this Court held that plaintiff's wrongful discharge claim was preempted. See Shaw v. R.U. One Corp., 2011 WL 4625762, at *4 (D.Or. Sept. 30, 2011). However, before making such a determination, this Court noted that "several recently published cases within this District . . . have permitted a plaintiff to pursue a common law wrongful discharge claim" even where there was an adequate statutory remedy and, moreover, that "the 'conflicting statements' by Oregon courts regarding [the] availability of the wrongful discharge tort" caused "'considerable confusion'" in determining whether such a claim was feasible in light of Or. Rev. Stat. § 659A.030. Id. at *3. Because of this "considerable confusion" and conflicting precedent, I find that it was not objectively unreasonable for plaintiff to pursue a claim for wrongful discharge based on the law and facts as they existed

Page 4 - ORDER

throughout the underlying litigation.    Therefore, defendant's
motion for attorney fees is denied.

II.   Costs

Under Rule 54, the court has discretion to award costs to the
prevailing party. See Fed. R. Civ. P. 54(d)(1). Rule 54, however,
"creates a presumption in favor of awarding costs to prevailing
parties, and it is incumbent upon the losing party to demonstrate
why the costs should not be awarded." Stanley v. Univ. of S. Cal.,
178 F.3d 1069, 1079-80 (9th Cir. 1999) (citing Nat'l Info. Servs.,
Inc. v. TRW, Inc., 51 F.3d 1470, 1471-72 (9th Cir. 1995)).

Plaintiff asserts that costs should not be awarded in this
case because of the chilling effect on future employment
discrimination claims. Plaintiff is correct that the imposition of
costs may not be appropriate where such an award has the potential
to "chill civil rights litigation." Id. (citations omitted).
Nevertheless, because of plaintiff's lack of due diligence in
pursuing this action, I find that he cannot rebut the presumption
in favor of awarding costs to the prevailing party.

Here, plaintiff wholly failed to engage in the discovery
process. See Def.'s Mot. Att'y Fees 4; Pl.'s Resp. to Mot. Att'y
Fees 4-5. Had plaintiff deposed witnesses or served any requests
for documents, interrogatories, or admissions, he likely would have
realized that his wrongful discharge claim was not viable.
Therefore, regardless of the potential chilling effect, plaintiff's
failure to verify and evaluate material information renders him
unable to establish that costs should not be awarded.  Therefore,

Page 5 - ORDER

defendant is hereby awarded costs in the amount of $1,872.00.

CONCLUSION

Defendant's motion for attorney fees (doc. 40) is DENIED; and defendant's Bill of Costs (doc. 42) is GRANTED in the amount of $1,872.00.

IT IS SO ORDERED.

Dated this 20 of November 2011.

Ann Aiken
United States District Judge

Page 6 - ORDER